IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES MARTIN SIMANK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-10-1278-F |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Discharging a Firearm with Intent to Kill and Possession of a Firearm After Former Conviction of a Felony entered against him in the District Court of Payne County, Case No. CF-2007-103. Respondent has responded to the Petition and filed the relevant state court records, including a copy of the trial transcript ("TR I __" representing the transcript of the proceeding conducted on September 24, 2007, and "TR II ___" representing the transcript of the proceeding conducted on September 25-27, 2007) and original record ("OR__"). Petitioner has replied to the Response. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the

1

following reasons, it is recommended that the Petition be denied.

I. <u>Background</u>

In an amended information filed in the Payne County District Court on March 14, 2007, Petitioner was charged with the offenses of Discharging a Firearm with Intent to Kill (count one) and Possession of a Firearm After Former Conviction of a Felony (count two). The charge in count one alleged that on or about February 3, 2007, Petitioner threatened to kill his mother, the victim, if she tried to escape and when she "ran for the door . . . [he] fired a rifle" at her with the intent to kill her. OR 14. The charge in count two alleged that he knowingly possessed a rifle after he had previously been convicted of a felony in Case No. CF-1992-6011 in Oklahoma County. OR 14. A second page of the amended information charged that Petitioner had three prior felony convictions. OR 16.

A preliminary hearing in the case was conducted on March 15, 2007, and Petitioner was bound over for trial. TR Preliminary Hearing. Petitioner, through his court-appointed defense counsel, filed a motion to quash the information for insufficient evidence. OR 33-35. The prosecution responded to the motion. OR 36-38. On July 31, 2007, a hearing was conducted on the motion, and the motion was denied. TR Motions Hearings. A jury trial on the charge in count one was conducted on September 24-27, 2007.

At the completion of this stage of the trial, the jury found Petitioner guilty of the offense of Discharging a Firearm with Intent to Kill. TR II, at 127. At the beginning of the second stage of the trial, the prosecutor announced that the State and Petitioner had reached an agreement as to sentencing in Case No. CF-2007-103 and in two other cases then pending

against Petitioner. TR II, at 134-135. According to the agreement as set forth by the prosecutor in open court, Petitioner would serve a fifteen year term of imprisonment for the conviction in count one and a concurrent fifteen year term of imprisonment for the conviction in count two (in return for Petitioner's plea of guilty to the felon in possession charge). Petitioner was then sentenced consistent with the plea agreement. TR II, at 135.

Petitioner appealed the convictions in Case No. CF-2007-103 and asserted the following grounds for relief: (1) the trial court erred in binding Petitioner over for trial at the preliminary hearing on the charge of Discharging a Firearm with Intent to Kill and (2) the trial court abused its discretion in admitting hearsay evidence concerning Petitioner's intent. Response, Ex. 1 (Brief of Appellant). In a summary opinion, the Oklahoma Court of Criminal Appeals ("OCCA") rejected these claims and affirmed Petitioner's convictions.[1] Response, Ex. 3 (Simank v. State, Case No. F-2007-1019 (Okla. Crim. App. Dec. 2, 2008)).

Petitioner next sought post-conviction relief in an application filed in the district court. The application asserted six grounds for relief, including (1) Petitioner's appellate counsel provided ineffective assistance by failing to raise issues of ineffective assistance of trial counsel and abuse of discretion by the trial judge; (2) Petitioner's trial counsel provided ineffective assistance by failing to appeal the trial court's denial of his motion to quash, by

---

[1] Although the OCCA stated that Petitioner had been convicted of Discharging a Firearm with Intent to Kill after former conviction of two or more felonies, the trial transcript reflects that the court made no finding as to the existence of prior felony convictions in connection with this conviction. Moreover, under Oklahoma law, a conviction entered after two or more prior felony convictions carries a minimum sentence of 20 years of imprisonment. Okla. Stat. tit. 21, § 51.1(B).

3

failing to assert an affirmative defense of intoxication, by failing to impeach Petitioner's mother's testimony, and by failing to file a motion seeking access to a ballistics expert's testimony; (3) the trial judge abused his discretion by polling jurors for questions to ask witnesses and by allowing the admission of hearsay evidence; (4) the habitual offender charges filed against Petitioner "by their very narration [in] open court informs a jury of defendant's former bad acts and is therefore prejudicial [and] unconstitutional;" (5) the felon in possession charge violates the double jeopardy prohibition; and (6) the trial judge abused his discretion by allowing the prosecutor to re-examine witnesses. Response, Ex. 4, at 2-3. The trial court denied the application, Response, Ex. 4, and Petitioner appealed the decision to the OCCA. Response, Ex. 5.

In an order entered October 29, 2010, the OCCA affirmed the district court's denial of post-conviction relief. Response, Ex. 6. Applying Oklahoma's well-established procedural default rule for claims not raised in a direct appeal, the appellate court found that "[w]ith the exception of Petitioner's claim of ineffective assistance of appellate counsel, all of the issues raised in Petitioner's Application present matters that could have been raised or were raised in Petitioner's direct appeal. Consequently, those issues are now barred from being raised in these post-conviction proceedings absent proof that appellate counsel's failure to raise them adequately amounted to representation falling below that required by the constitution." Response, Ex. 6, at 2. With respect to Petitioner's claim of ineffective assistance of appellate counsel, the court addressed Petitioner's underlying claims of ineffective assistance of trial counsel and abuse of trial court discretion and found these

4

claims lacked merit. Accordingly, the OCCA found that Petitioner had failed to show his appellate counsel's performance was constitutionally inadequate and affirmed the district court's decision to deny post-conviction relief.

II. Petitioner's Claims

Petitioner now seeks habeas relief concerning the following issues which are set out in his brief in support of his Petition: (1) the trial court erred in overruling a demurrer to the evidence at his preliminary hearing and denying a motion to quash for insufficient evidence at the preliminary hearing; (2) the trial court erred in overruling his objection to the admission of hearsay testimony by Stillwater Police Sergeant Wall concerning statements made to him by the victim; (3) Petitioner's appellate counsel provided constitutionally ineffective assistance of counsel by failing to raise a claim of ineffective assistance of trial counsel (as alleged in his fourth ground) and a claim of abuse of discretion by the trial judge (as alleged in his fifth ground); (4) Petitioner was denied effective assistance of trial counsel because his trial counsel failed to appeal the trial court's denial of his pretrial motion to quash "hearsay evidence," failed to assert an affirmative defense of intoxication, failed to impeach his mother's and sister's testimony as unresponsive, vague, and inconsistent, failed to file a motion to obtain expert ballistics evidence, failed to object to the judge's polling of the jury for questions, and failed to object when the trial court allowed the prosecution to renew redirect examination after the prosecution announced it had no further questions; (5)(labeled "PROPOSITION III") the trial judge abused his discretion by polling jurors for questions to ask witnesses and by allowing the admission of hearsay evidence over defense

5

objection; (6)(labeled "PROPOSITION IV") in Petitioner's own words: "The charges of 'shooting with intent to kill, after former conviction of felony' and 'possession of firearm, after former conviction of felony' [21 O.S. § 1283] by their narration of the charge before open court informs a jury of a defendant's [former] bad acts and is therefore prejudicial, to cause harmful error, and as such is unconstitutional on its face;" (7)(labeled "PROPOSITION V") the "charge of 'possession of firearm, after former conviction of felony' must be considered a case of double jeopardy;" and (8)(labeled "PROPOSITION VII") the trial court abused its discretion when the "treial [sic] judge allowed re-examination of witness(es)."

III. Procedural Default

The issues raised in grounds one and two of the Petition were asserted in Petitioner's direct appeal. It is not disputed that the remaining claims were presented for the first time in Petitioner's post-conviction application. The OCCA refused to review the merits of these claims with the exception of Petitioner's claim of ineffective assistance of appellate counsel. However, in resolving this claim, the OCCA reached the merits of Petitioner's underlying claims of ineffective assistance of trial counsel and abuse of discretion by the trial judge. Thus, in resolving Petitioner's post-conviction appeal the OCCA effectively reached the merits of the same claims now asserted in grounds one through five of the Petition.

The OCCA refused to review the claims that Petitioner now asserts in grounds six through eight on the basis that Petitioner defaulted the claims by failing to assert them in his direct appeal. Hence, Petitioner's claims in grounds six through eight are also barred from federal habeas review as a result of Petitioner's state court procedural default unless he

demonstrates cause for his state court default and actual prejudice or, alternatively, demonstrates that the failure to review the merits of his defaulted claims would result in a fundamental miscarriage of justice. Beard v. Kindler, __ U.S. ___, 130 S.Ct. 612, 614 (2009)(on habeas review, federal courts "will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice"). Accord, Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750 (1991); Smith v. Workman, 550 F.3d 1258, 1274 (10th Cir. 2008), cert. denied, __ U.S. __, 130 S.Ct. 238 (2009).

"A state procedural default is 'independent' if it relies on state law, rather than federal law." Smith, 550 F.3d at 1274. "A state procedural default is 'adequate' if it is firmly established and regularly followed." Id. The waiver rule followed in Oklahoma is based on state law, see Okla. Stat. tit. 22, § 1086, and the OCCA's waiver rule is consistently applied in post-conviction proceedings as to issues which the litigant could have raised on direct appeal but omitted. Id. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Cannon v. Gibson, 259 F.3d 1253, 1267-1269 (10th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998). Generally, therefore, the OCCA's application of its procedural bar rule in denying post-conviction relief is both independent of federal law and an adequate state ground for the court's decision. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall

v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998).

Petitioner must demonstrate cause and prejudice or, alternatively, a fundamental miscarriage of justice in order to overcome his state procedural default of the claims in grounds six through eight. For a petitioner to show cause, he must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with the state law. Murray v. Carrier, 477 U.S. 478, 488 (1986). "'Cause' must be 'something external to the petitioner, something that cannot fairly be attributed to him....'" Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993)(quoting Coleman, 501 U.S. at 753). Petitioner has not offered any reason for his failure to assert his claims in grounds six through eight in his direct appeal. Nor has he alleged that this Court's failure to review the merits of his defaulted claims would result in a fundamental miscarriage of justice. This exception to the procedural default doctrine applies only in cases where the habeas petitioner can show that the claimed errors "'probably resulted in the conviction of one who was actually innocent.'" Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir.)(quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)(internal quotations omitted)), cert. denied sub nom. Sellers v. Gibson, 525 U.S. 1024 (1998). See Herrera v. Collins, 506 U.S. 390, 404 (1993)("The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence."). Petitioner has not presented colorable evidence of his actual innocence of the convictions he is challenging. Because Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice, this Court should not review the merits of his procedurally-defaulted claims in grounds six through eight.

IV. Standard of Review

Petitioner's claims in grounds one through five were addressed by the OCCA on their merits.[2] As to these claims, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for review. Under the AEDPA, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Williams, 529 U.S. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641

---

[2]Respondent contends that the OCCA applied its procedural rule to his claims of ineffective assistance of trial counsel and abuse of discretion by the trial judge and that these claims are therefore barred from habeas review. However, because the OCCA effectively reviewed the merits of these underlying claims when it resolved Petitioner's claim of ineffective assistance of appellate counsel, the undersigned declines to apply the complex procedural default rules for these underlying claims, which are asserted in grounds four and five of the Petition.

9

(2003).

With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court precedent] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).

As to any factual issues raised in the petition, the court must determine whether the state appellate court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In this regard, AEDPA mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

V. State Trial Errors

The grounds for habeas relief urged by Petitioner in grounds one and two of the Petition allege only errors by the state trial court in evidentiary matters. Habeas relief, however, is unavailable "on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002). The OCCA reviewed these claims in Petitioner's direct appeal and concluded, based on state law, that the claims lacked any merit.

In Petitioner's first ground for relief, he has merely copied the argument presented in proposition one of the brief of appellant filed in his direct appeal before the OCCA. This claim challenges the state court's decision to bind Petitioner over for trial at his preliminary hearing on the charge of Discharging a Weapon with Intent to Kill. Petitioner has not shown that the state court's ruling at the preliminary hearing rendered his trial fundamentally unfair.

The focus of Petitioner's second ground for relief is the testimony of a Stillwater police officer at his trial. At trial, Petitioner's mother, Ms. Simank, testified, TR I, at 38-59, that Petitioner was upset with her and that she had planned to go to her daughter's house to watch a basketball game on television. She testified that Petitioner went to the garage of the residence she shared with Petitioner and brought a rifle into the house, loaded it, and then put the barrel of the rifle in his mouth. Ms. Simank testified she then went to the front door of the residence and opened the front door. She testified she heard a "bang" and saw glass on the ground from the unopened storm door. She testified she then left the house and went to her neighbor's house and called 911. Ms. Simank testified that after the police arrived she had a conversation with an officer in which she informed the officer Petitioner was in the house with a gun. However, Ms. Simank denied telling police that Petitioner had shot at her. She testified that she could not remember whether Petitioner pointed the rifle at her or whether Petitioner threatened to shoot at her. Ms. Simank testified she did not know whether her son shot at her that day.

Stillwater police officer Wall testified that he interviewed Ms. Simank and that she stated Petitioner was intoxicated, extremely agitated, depressed, had a rifle with an attached

11

bayonet, and that he had threatened to kill both her and himself. TR I, at 71-72. Officer Wall further testified that Ms. Simank stated Petitioner threatened to kill her if she tried to leave and that he shot at her when she decided to leave the residence. TR I, at 72. Petitioner's defense counsel objected to the admission of Officer Wall's testimony, but the objection was overruled. TR I, at 70-71. Petitioner's sister, Ms. Martha Simank, testified at the trial that after the shooting Petitioner told her in a telephone conversation that he shot at their mother because he "wanted to blow her . . . head off." TR I, at 99.

In asserting this claim of a hearsay violation, Petitioner does not address the constitutional ramifications of the state court evidentiary ruling and relies instead solely on the state-law-based argument advanced in his direct appeal. Petitioner has not shown that the admission of Officer Wall's testimony rendered his trial so fundamentally unfair as to violate his constitutional rights. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(1). An exception to the hearsay rule exists for statements that describe or explain an event or condition and were made while the declarant was perceiving the event or condition, or immediately thereafter. Fed. R. Evid. 803(1).

Petitioner argued in his direct appeal that Ms. Simank's statements to Officer Wall were not made immediately after the incident and therefore did not qualify as "present sense impression" under Oklahoma's evidence law. However, the record reflects that Ms. Simank's statements to Officer Wall were made immediately after Officer Wall responded to the 911 call from Ms. Simank and while Petitioner was still in the residence with the

loaded rifle.³ No fundamental unfairness resulted from the admission of this evidence, and Petitioner is not entitled to habeas relief concerning his claims asserted in grounds one and two of the Petition.

VI. Ineffective Assistance of Appellate Counsel

In ground three of the Petition, Petitioner contends that his appellate counsel provided constitutionally ineffective assistance by failing to assert a claim of ineffective assistance of trial counsel in the direct appeal and also by failing to assert a claim of abuse of discretion by the trial judge. This claim was presented in Petitioner's post-conviction proceeding and rejected by the OCCA. Thus, Petitioner must demonstrate that the OCCA's rejection of this claim was contrary to or unreasonably applied established Supreme Court precedent.

To warrant relief concerning a claim of ineffective assistance of trial or appellate counsel, a habeas petitioner must satisfy both prongs of the test established in Strickland v. Washington, 466 U.S. 668 (1984); that is, he must show that his appellate attorney's representation fell below an objective standard of reasonableness and that counsel's errors prejudiced the defense. Id. at 687. "Judicial scrutiny of the adequacy of attorney performance must be strongly deferential: '[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997)(quoting Strickland, 466 U.S. at 689). "Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's

---

³There is no Confrontation Clause issue here because Ms. Simank testified during the preliminary hearing and trial, and she was cross-examined by defense counsel on both occasions.

13

perspective at the time of the error." Id. Accord, Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689. Prejudice, under the second prong, is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

With respect to the performance of an appellate counsel, the Sixth Amendment "does not require an attorney to raise every nonfrivolous issue on appeal." Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995)(citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). "It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable claims and pursue issues on appeal which are more likely to succeed." Jackson v. Shanks, 143 F.3d 1313, 1321 (10th Cir.), cert. denied, 525 U.S. 950 (1998). If an issue that appellate counsel failed to raise has merit, the court must determine whether counsel's failure to raise the issue was deficient and prejudicial. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it on appeal is not constitutionally ineffective assistance. Id.

Petitioner first contends that his appellate counsel provided constitutionally ineffective assistance by failing to assert a claim of ineffective assistance of trial counsel. The OCCA addressed Petitioner's underlying claim of ineffective assistance of trial counsel in its decision in Petitioner's post-conviction appeal. The OCCA found that "Petitioner's criticisms of trial counsel are mostly those of hindsight and do not reveal decisions wholly

14

lacking any sound trial strategy." Response, Ex. 6, at 3. The OCCA also addressed Petitioner's underlying claim of abuse of discretion by the trial court. The court found that "Petitioner's criticism of the trial court's permitting juror questions under Cohee v. State, 1997 OK CR 30, 942 P.2d 211, offers only speculation that he was prejudiced by this procedure and is lacking in any proof of actual harm." Response, Ex. 6, at 3-4 (footnote omitted).

Petitioner contends, both separately in ground four and as an underlying claim supporting his claim of ineffective assistance of appellate counsel in ground three, that his trial counsel provided ineffective assistance by (1) failing to appeal the trial court's "allowance of hearsay evidence," (2) failing to raise intoxication as an affirmative defense, (3) failing to impeach Petitioner's mother's and sister's testimony as "unresponsive, vague, and inconsistent," (4) failing to file a pretrial motion seeking access to expert ballistics testimony, and (5) failing to object to the trial judge's procedure of allowing the jury to pose questions for witnesses and allowing the prosecutor to re-examine witnesses after the prosecutor "rest[ed]." Petition Brief, at 13. Petitioner's underlying claim of ineffective assistance of trial counsel has merit only if Petitioner demonstrates that his trial counsel's performance was deficient under the two-part Strickland standard.

The record shows that Petitioner's defense counsel objected to the admission of Officer Wall's testimony concerning hearsay statements made to him by the victim, Ms. Simank (TR I, at 70-71), that the jury was instructed on Petitioner's defense of intoxication (OR 92-93) and both the prosecution and defense counsel addressed this defense in closing

15

arguments (TR II, at 111-112, 116-117, 120), and that defense counsel thoroughly cross-examined Petitioner's mother and sister during his trial. Thus, Petitioner has not demonstrated that his trial counsel's performance was objectively unreasonable in these respects.

Petitioner contends that his trial counsel should have sought the testimony of a ballistics expert who could have provided evidence to impeach the testimony of Officer Wall. However, Petitioner has not demonstrated that a ballistics expert would have provided exculpatory or impeachment evidence. The testimony at trial showed that following Petitioner's arrest police officers discovered a loaded rifle with an attached bayonet in a closet of Petitioner's and his mother's residence. TR II, at 42-43. The officers also discovered a spent bullet casing lying on a table in the living room of the residence, approximately five or six feet from the front door. TR II, at 49, 59.

An investigating officer testified that the glass in the residence's front storm door was shattered and that the screen in the storm door had a hole in it. TR II, at 51. The officer testified that a hole was discovered on the wooden front door of the residence as well. TR II, at 52. The officer further testified that by shutting both doors you could "look right through" the holes in the door and the screen. TR II, at 62. Another officer testified that he observed a hole in a garage door of a residence immediately across the street from the residence shared by Petitioner and his mother and that he recovered a bullet from a wall of a laundry room in that second residence. TR II, at 23.

Petitioner's defense counsel cross-examined these witnesses, and Petitioner has not

shown that his defense counsel's failure to present expert ballistics testimony was other than sound trial strategy. See Bullock v. Carver, 297 F.3d 1036, 1046 (10th Cir.)(under Strickland's deferential analysis of defense counsel's performance, the attorney is presumed to have acted in an objectively reasonable manner and it is presumed that "an attorney's challenged conduct *might* have been part of a sound trial strategy")(emphasis in original), cert. denied, 537 U.S. 1093 (2002).

As the OCCA recognized in its decision, in Oklahoma it is permissible for courts to allow jurors to submit to the court written questions to be directed to witnesses or the court. Cohee, 942 P.2d at 214-216 (setting forth guidelines governing juries in criminal trials and allowing the jury to submit questions for witnesses). Thus, Petitioner's defense counsel's failure to object to this permissible courtroom procedure was not deficient performance.

In light of the guidelines established in Cohee, Petitioner's appellate counsel's failure to raise a claim that the trial court abused its discretion based on the trial court's use of this permissible trial procedure was not deficient performance. Petitioner does not assert that any of the questions proposed by jurors were prejudicial, and the record shows that the trial court allowed both the prosecution and the defense to re-examine witnesses after jury-propounded questions were submitted to a witness by the trial court. Any claim that the trial court abused its discretion in employing permissible trial procedures would not have been successful if asserted in Petitioner's appeal.

Petitioner's final assertion of trial counsel ineffectiveness is also without merit. Petitioner contends that his defense counsel provided constitutionally ineffective assistance

17

by failing to object when the trial judge allowed the prosecutor to re-examine witnesses after the prosecutor had "rested." Petitioner does not point to specific page references in the record to support this assertion. However, the record reflects that the court allowed both the prosecutor and defense counsel to re-examine a witness after the court presented questions to a witness that had been submitted by a juror. TR I, at 58, 81, 94, 106, 122-123; TR II, at 36, 64-65, 66, 80-81. Petitioner has not shown that his defense counsel's failure to object to this procedure was other than sound trial strategy.

Petitioner has not shown that either of his underlying claims, that his trial counsel provided constitutionally ineffective assistance or that the trial court abused its discretion in obtaining questions from the jury and in allowing the prosecutor to re-examine witnesses after juror-propounded questions were presented to witnesses, has any merit. Therefore, Petitioner has not demonstrated that his appellate counsel provided objectively unreasonable assistance. Petitioner has not shown that the OCCA's decision rejecting his claims of ineffective assistance of appellate counsel and his underlying claim of ineffective assistance of trial counsel was contrary to or unreasonably applied the governing <u>Strickland</u> standard. Accordingly, Petitioner is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with

the Clerk of this Court by     July 6th    , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    16th    day of    June   , 2011.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE